## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH GAMON,** | : | **Civil No. 1:20-CV-79** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOSHUA BELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Statement and Facts of the Case

This is a civil rights case filed by the *pro se* plaintiff, Elijah Gamon, who was incarcerated in the Lycoming County Prison in 2017 following an incident with officers of the Williamsport Police Department. Gamon's claims arise out of an alleged assault by police officers and subsequent lack of medical treatment he received while he was incarcerated at Lycoming County Prison in November 2017.

Mr. Gamon's complaint is a spare document. The allegations in Gamon's complaint consist of two paragraphs—one alleging that Officers Bell and Gardner assaulted and injured him during an incident on November 24, 2017, and one alleging that the medical staff at Lycoming County Prison did not give him adequate

medical treatment for his injuries he sustained as a result of the alleged assault. (Doc. 1-2, at 7). He seeks compensatory and punitive damages from these defendants. (Id.)

Gamon filed this action in the Lycoming County Court of Common Pleas on December 9, 2019. After being served on December 30, 2019, the Lycoming County Prison Medical Staff defendant, Nurse Supervisor Kim Poorman, removed the case to federal court on January 15, 2020. (Doc. 1). Poorman then filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 2). Subsequently, Officers Bell and Gardner and the Williamsport Police Department also moved to dismiss the complaint against them. (Doc. 10). Both motions have been fully briefed and are ripe for disposition. (Docs. 6, 14, 15, 17, 18). For the reasons that follow, we will grant the defendants' motions to dismiss but will allow Mr. Gamon to amend his complaint as to some of the defendants in order to attempt to state a claim upon which relief may be granted.

## II.   **Discussion**

### A. **Rule 12(b)(6) – The Legal Standard**

The defendants have moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "failure to state a claim upon which relief can be granted." With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit

has aptly noted the evolving standards governing pleading practice in federal court,

stating that:

> Standards of pleading have been in the forefront of
> jurisprudence in recent years. Beginning with the Supreme
> Court's opinion in Bell Atlantic Corp. v. Twombly, 550
> U.S. 544 (2007) continuing with our opinion in Phillips [v.
> County of Allegheny, 515 F.3d 224, 230 (3d Cir.
> 2008)]and culminating recently with the Supreme Court's
> decision in Ashcroft v. Iqbal  –U.S.–, 129 S. Ct. 1937
> (2009) pleading standards have seemingly shifted from
> simple notice pleading to a more heightened form of
> pleading, requiring a plaintiff to plead more than the
> possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief

may be granted, the Court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court

need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." Associated Gen. Contractors of Cal. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

4

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Two years after Fowler, the Third Circuit further observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550
> U.S. at 556, 127 S. Ct. (1955)). This standard requires
> showing "more than a sheer possibility that a defendant
> has acted unlawfully." <u>Id.</u> A complaint which pleads facts
> "merely consistent with" a defendant's liability, [ ] "stops
> short of the line between possibility and plausibility of
> 'entitlement of relief.'"

<u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220-21 (3d Cir. 2011).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff
> must plead to state a claim." <u>Iqbal</u>, 129 S. Ct. at 1947.
> Second, the court should identify allegations that,
> "because they are no more than conclusions, are not
> entitled to the assumption of truth." <u>Id.</u> at 1950. Finally,
> "where there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether
> they plausibly give rise to an entitlement for relief." <u>Id.</u>

<u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the

requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which defines

what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain
> (1) a short and plain statement of the grounds for the
> court's jurisdiction, unless the court already has
> jurisdiction and the claim needs no new jurisdictional
> support; (2) a short and plain statement of the claim

> showing that the pleader is entitled to relief; and (3) a
> demand for the relief sought, which may include relief in
> the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

It is against these legal benchmarks that we assess the instant motions to dismiss.

### B. The Plaintiff's Complaint Fails to State a Claim against the Defendants.

Construing Gamon's *pro se* complaint liberally, the complaint purports to bring several constitutional claims against the defendants. On this score, Gamon's complaint asserts a claim that Officers Bell and Gardner physically assaulted and severely injured him during a police encounter, and that subsequently, while he was detained at Lycoming County Prison, Poorman failed to give him adequate medical treatment for his injuries. Thus, liberally construed, Gamon's complaint alleges violations of his Fourth and Eighth Amendment rights against the Williamsport defendants and Poorman, respectively.

7

As we have noted, Gamon's complaint consists of two paragraphs, which set forth sparse and conclusory allegations against these defendants. Accordingly, we find that this pleading does not meet the basic requirements prescribed by law, and we will dismiss the complaint without prejudice to Gamon amending his complaint to set forth factual allegations to support his claims.

First, to the extent Gamon's complaint asserts an Eighth Amendment claim against Poorman for inadequate medical care, this claim fails on multiple scores. At the outset, it is well-settled that "a defendant in a civil rights action must have personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). Here, while Poorman is named as a defendant in the caption of this action, Gamon's complaint does not name Poorman in the one paragraph that states, in a conclusory fashion, that Gamon was denied adequate medical care at the Lycoming County Prison. Indeed, there is no mention of any specific medical official at the prison in Gamon's complaint apart from the caption. Gamon's identification of Poorman in the caption of the case, without describing her conduct in the body of his pleading, is legally insufficient to state a claim. See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only identified in exhibits attached to complaint). This cursory style of pleading simply does not state a claim against this individual defendant and compels dismissal of the

8

defendant. <u>Hudson v. City of McKeesport</u>, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.) Accordingly, Gamon has not adequately pleaded Poorman's personal involvement in his alleged denial of medical care.

Moreover, even if Gamon had alleged sufficient facts to demonstrate Poorman's personal involvement in the alleged conduct, Gamon faces an exacting burden in advancing an Eighth Amendment claim against Poorman in her individual capacity. To sustain such a claim, he must plead facts that:

> [M]eet two requirements: (1) "the deprivation alleged must be objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations marks and citations omitted). In prison condition cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." <u>Id.</u> "Deliberate indifference" is a subjective standard under <u>Farmer</u>—the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

<u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 125 (3d Cir. 2001).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when officials are deliberately indifferent to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97,

105, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, an inmate is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Thus, such complaints fail as constitutional claims under § 1983 since

"the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g., Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights')." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). "The key question . . . is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." Little v. Lycoming Cnty., 912 F.Supp. 809, 816 (M.D. Pa. 1996) (internal quotations and citations omitted).

Finally, in addition to the substantive requirements prescribed by law, Gamon must also meet administrative exhaustion requirements. Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pursue all avenues of relief available within a prison's grievance system before bringing a federal civil rights action concerning prison conditions. 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement is mandatory.  Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v.

11

Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). Moreover, "it is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis, 204 F.3d at 73 (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)).

To exhaust administrative remedies, an inmate must comply with all applicable grievance procedures and rules. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of administrative remedies, but also substantial compliance with procedural requirements. Id. at 227-32; see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

An inmate's failure to comply with the exhaustion requirement prescribed by the PLRA is an affirmative defense, Jones v. Bock, 549 U.S. 199, 216 (2007), and the burden of proving a failure to exhaust rests with the defendants, Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

The Lycoming County Prison has a grievance procedure outlined in the inmate handbook, which states:

> If you have a grievance against the institution, or any of its staff, a grievance form will be supplied upon request. If no response to the grievance is provided within the

designated referenced time periods, the grievance is rendered denied and an appeal may be filed.

If you are not satisfied with the decision of the Lieutenant/Sergeant/Prison Counselor, you may then submit a written grievance to the grievance officer in a sealed envelope. After administrative review by the Deputy Warden of Security or the Deputy Warden of Inmate Services a written response will be forwarded within ten business days. An inmate may appeal the administrative decision to the Warden within ten days who in turn will have ten business days to respond. An inmate has the right to appeal the Warden's decision to the Prison Board via U.S. Mail []. This step may only occur upon the exhaustion of the aforementioned administrative appeal process. The decision of the Prison Board will be considered final.

(Doc. 6-1, at 11). Thus, Lycoming County Prison provides inmates with a three-step grievance process for the resolution of their grievances.

At the outset, we find that Gamon has not exhausted his administrative remedies with respect to his claim against Poorman. The defendants attach the grievances that Gamon filed related to his injuries from the alleged assault. (Doc. 6-1, at 13-29). While it appears that Gamon appealed some of his initial grievances to the Warden, he did not file a final appeal of any grievance to the Prison Board. The plaintiff concedes that he did not exhaust his administrative remedies as required, but he argues that he was unaware of the PLRA's administrative exhaustion requirement. (Doc. 18, at 2-3). However, Gamon did, in fact, receive a copy of the inmate handbook when he was incarcerated at the prison, which outlined the steps

of the grievance procedure. (Doc. 6-1, at 13). Moreover, it is well-settled that an inmate's failure to exhaust administrative remedies cannot be excused due to mere ignorance of the requirements. See Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005) (holding that an inmate's failure to exhaust will only be excused "under certain limited circumstances"); Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002) (reaffirming the PLRA's mandatory exhaustion requirement and refusing to excuse exhaustion where an inmate was uninformed of the PLRA's exhaustion requirement). Accordingly, we find that Gamon has failed to exhaust his administrative remedies as to this claim against Poorman.

Furthermore, even if Gamon had met the administrative exhaustion requirements, he asserts a conclusory allegation that he "sought medical treatment for [his] injuries from staff" and that he "never received appropriate treatment." (Doc. 1-2, at 7). Although he names Poorman as a defendant in the caption of the case, he does not allege any facts to support that Poorman was either directly or indirectly involved in the medical treatment, or lack thereof, that he received at Lycoming County Prison. Further, he does not state what injuries he sustained, what medical care he was given, and how that medical care was inadequate to treat his injuries. Additionally, while Gamon has attempted to supplement his complaint by setting forth a more detailed factual narrative in his brief in opposition to the instant motions, "it is axiomatic that the complaint may not be amended by the briefs in

opposition to a motion to dismiss." Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). Accordingly, we find that even if Gamon had exhausted his administrative remedies, Gamon's complaint does not set forth the well-pleaded factual allegations needed to survive the instant motion to dismiss filed by Poorman, and thus, we will grant Poorman's motion to dismiss with prejudice.

Similarly, Mr. Gamon's claims against Officers Bell and Gardner and the Williamsport Police Department fail to meet the basic pleading standards prescribed by law. On this score, it appears that Gamon is attempting to assert a Fourth Amendment constitutional claim against these defendants for injuries he suffered as a result of an "incident" involving the alleged use of excessive force against Gamon by Officers Bell and Gardner.

At the outset, we note that, to the extent that he is attempting to sue the police department as an institutional defendant, Gamon's claim against the Williamsport Police Department fails as a matter of law, as it is well-settled that a police department is not a "person" for purposes of § 1983 and therefore is not a proper defendant in a § 1983 action. See e.g., Blackwell v. Middletown Borough Police Dep't, 1:12-CV-825, 2012 WL 6012568 (M.D. Pa. Nov. 16, 2012), report and recommendation adopted, 1:12-CV-825, 2012 WL 6002689 (M.D. Pa. Nov. 30,

2012); see Golya v. Golya, 2007 U.S. Dist. LEXIS 58093, *29–30 (M.D. Pa. 2007) (explaining that courts within the Third Circuit have concluded that a police department is merely a sub-unit of the local government and is not amenable to suit under § 1983); Wivell v. Liberty Township Police Dep't, 2007 U.S. Dist. LEXIS 54306, *5–6 (M.D. Pa. 2007) (explaining that police department not subject to suit in a § 1983 action); Mitros v. Cooke, 170 F.Supp.2d 504, 507 (E.D. Pa. 2001) (noting that city police department is a sub-unit of the city government that is merely a vehicle through which the city fulfills its policing functions, and is not a separate entity for purposes of suit); Tobin v. Badamo, 3:00CV783, 2000 WL 1880262 (M.D. Pa. Dec. 20, 2000) (municipal police department is not a proper party to a section 1983 action because it is merely a subunit of the city and not a separate corporate entity); McMahon v. Westtown–East Goshen Police Dep't, No. Civ.A. 98-3919, 1999 WL 236565, at *4, 1999 U.S. Dist. LEXIS 5551, at *4 (E.D. Pa. Apr. 22, 1999) (citing Johnson v. City of Erie, 834 F.Supp. 873, 878–79 (W.D. Pa. 1993); Agresta v. City of Philadelphia, 694 F.Supp. 117, 119 (E.D. Pa. 1988) ); Johnson v. City of Erie, Pa., 834 F.Supp. 873, 879 (W.D. Pa. 1993). Accordingly, we will dismiss the claim against the Williamsport Police Department.

        As to the claim against Officers Bell and Gardner, we find that Gamon has not met the pleading requirements to state a Fourth Amendment claim against these officers. The Supreme Court of the United States has held that claims against law

16

enforcement officers that allege the use of excessive force in the context of an arrest, investigatory stop, or other "seizure" are analyzed under the Fourth Amendment's "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989). Indeed, "[t]he use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment." Couden v. Duffy, 446 F.3d 483, 496 (3d Cir. 2006). In assessing such a claim for a Fourth Amendment violation under § 1983, the inquiry is whether the force used by the law enforcement officers was objectively reasonable in light of the totality of the circumstances. Graham, 490 U.S. at 397.

In the instant case, we find that Gamon's complaint, in its current form, fails to state a claim for excessive force against these officers. Gamon simply alleges that Officers Bell and Gardner "approached [Gamon] . . . which sparked an incident to occur resulting in [Gamon] being assaulted and severely injured." (Doc. 1-2, at 7). There are no facts asserted in Gamon's complaint that indicate the nature of the police encounter, what transpired during the encounter, or what injuries he sustained as a result of the encounter. Thus, even construing the complaint liberally, there are no facts from which we could infer that the officers' conduct during this incident was not objectively reasonable, and thus violated the Fourth Amendment. Accordingly, we will dismiss the complaint as to Officers Bell and Gardner without prejudice to Gamon amending his complaint to set forth factual allegations to support this claim.

While this merits analysis calls for dismissal of this action in its current form, and reveals that Mr. Gamon's claims against defendant Poorman cannot be remedied through more artful pleading, we find that the plaintiff should be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint setting forth well-pleaded claims relating to the remaining defendants. We follow this course mindful of the fact that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, we will provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to file an amended complaint containing any timely and proper claims that he may have.

## III.   Conclusion

Accordingly, for the foregoing reasons, the defendants' motions to dismiss the plaintiff's complaint (Docs. 2, 10) will be GRANTED. Defendant Poorman's motion to dismiss will be granted with prejudice, as Gamon has failed to state a claim upon which relief may be granted and has failed to exhaust his administrative remedies as

to this claim and defendant. However, the plaintiff's complaint against Officers Bell and Gardner will be dismissed without prejudice to allow the plaintiff an opportunity to remedy the pleading deficiencies that we have identified with respect to these claims.

    An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
