IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH GAMON,** | : | Civil No. 1:20-CV-79 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JOSHUA BELL, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

**I.      Statement and Facts of the Case**

This is a civil rights case filed by the *pro se* plaintiff, Elijah Gamon, who was incarcerated in the Lycoming County Prison in 2017 following an incident with officers of the Williamsport Police Department. Gamon's claims arise out of an alleged assault by police officers and subsequent lack of medical treatment he received while he was incarcerated at Lycoming County Prison in November 2017.

Mr. Gamon's complaint was a spare document. The allegations in Gamon's complaint consisted of two paragraphs—one alleging that Officers Bell and Gardner assaulted and injured him during an incident on November 24, 2017, and one alleging that the medical staff at Lycoming County Prison did not give him adequate

medical treatment for his injuries he sustained as a result of the alleged assault. (Doc. 1-2, at 7). He seeks compensatory and punitive damages from these defendants. (Id.)

Gamon filed this action in the Lycoming County Court of Common Pleas on December 9, 2019. After being served on December 30, 2019, the Lycoming County Prison Medical Staff defendant, Nurse Supervisor Kim Poorman, removed the case to federal court on January 15, 2020. (Doc. 1). Poorman then filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 2). Subsequently, Officers Bell and Gardner and the Williamsport Police Department also moved to dismiss the complaint against them. (Doc. 10). Both motions have been fully briefed and are ripe for disposition. (Docs. 6, 14, 15, 17, 18).

On June 22, 2020, we granted the defendants' motions to dismiss but allowed Mr. Gamon to amend his complaint as to some of the defendants in order to attempt to state a claim upon which relief may be granted. (Docs. 19, 20). On this score, we stated in clear and precise terms as follows:

> [T]the plaintiff's complaint against Officers Bell and Gardner will be dismissed without prejudice to allow the plaintiff an opportunity to remedy the pleading deficiencies that we have identified with respect to these claims provided the defendant files an amended complaint on or before July 13, 2020.

(Doc. 20).

This deadline has now passed without any action on the plaintiff's part to further litigate these legal flawed claims. Therefore, this matter is now ripe for

resolution. For the reasons set forth below, we will now dismiss this case with prejudice.

## II. Discussion

### A. This Complaint Should Now Be Dismissed with Prejudice

While our initial analysis called for dismissal of this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course, recognizing that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. Apex 436, 438

(3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir. 1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994)).

Pruden, 252 F. App'x at 438.

Therefore, consistent with the prior practice of this court, this complaint will now be dismissed with prejudice as frivolous without further leave to amend.  See, e.g., Williams v. Harry, No. 1:16-CV-01759, 2017 WL 3454410, at *1 (M.D. Pa. Aug. 11, 2017) (Kane, J.); Washington v. U.S.P. Canaan Kitchen/FBOP, No. 1:15-CV-849, 2015 WL 4663188, at *1 (M.D. Pa. Aug. 6, 2015) (Kane, J.);  Wicks v. Barkley, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa. Nov. 4, 2013) (Mariani, J.); Davis v. Superintendent, SCI Huntingdon, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013) (Mariani, J.).

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge